## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHASE HAMANO, Individually and on Behalf of All Other Persons Similarly Situated, | Civil Action No.: 1:19-cv-01741 |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | Hon. Jorge L. Alonso |
| ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN, and COLLISTER JOHNSON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MIN NING GOH AND ASG JAPAN LIMITED FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

    I.      GOH AND ASG JAPAN SHOULD BE APPOINTED LEAD PLAINTIFFS ...... 3

           A.      Goh and ASG Japan Are Willing to Serve as Class Representatives ......... 4

           B.      Goh and ASG Japan Have The "Largest Financial Interest" ....................... 5

           C.      Goh and ASG Japan Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ............................................................ 6

                  1.      Goh and ASG Japan's Claims are Typical of the Class.................. 7

                  2.      Goh and ASG Japan Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ..... 8

    II.     LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................................ 9

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999) ............................................................................................... 7

*De La Fuente v. Stokley-Van Camp, Inc.*,
    713 F.2d 225 (7th Cir. 1983) ..................................................................................................... 7

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................................... 7

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ............................................................................................. 7

*In re Bally Total Fitness Sec. Litig.*,
    2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ............................................................................. 5

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .......................................................... 6

*In re Motorola Sec. Litig.*,
    2003 U.S. Dist. LEXIS 12651 (N.D. Ill. July 16, 2003) .......................................................... 7

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ...................................................................................... 6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................... 7

*Johnson v. Tellabs, Inc.*,
    214 F.R.D. 225 (N.D. Ill. 2002) ...................................................................................... 4, 7, 8

*Lax v. First Merchants Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. 1997) ........................................................................................ 5, 6

*Mayo v. Apropos Tech., Inc.*,
    2002 U.S. Dist. LEXIS 1924 (N.D. Ill. Feb. 6, 2002) ............................................................. 6

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .......................................................... 9

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ................................................................................................. 8

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992) ...............................................................................................7

*Takara Trust v. Molex Inc.*,
    229 F.R.D. ..............................................................................................................................7

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................ *passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................................... *passim*

Min Ning Goh and ASG Japan Limited (collectively, "Goh and ASG Japan" or "Movants") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Goh and ASG Japan as Lead Plaintiffs on behalf of all persons who purchased or otherwise acquired Activision Blizzard, Inc. ("Activision Blizzard" or the "Company") securities between August 2, 2018 and January 10, 2019, inclusive (the "Class Period"); and (2) approving their selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

This is a securities class action lawsuit on behalf of all persons and entities that purchased or otherwise acquired Activision Blizzard securities during the Class Period. This action is brought pursuant to sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Goh and ASG Japan believe that they are the "most adequate" plaintiffs as defined by the PSLRA and should be appointed Lead Plaintiffs in this action. As set forth in more detail below, Goh and ASG Japan, who purchased Activision Blizzard shares during the Class Period, have a significant financial interest in the relief sought in this action, having sustained a loss of $396,549, and are adequate and typical to serve as Lead Plaintiffs. Goh and ASG Japan further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, as they are adequate class

1

representatives with claims typical of the other Class members. Accordingly, Goh and ASG Japan respectfully submit that they should be appointed Lead Plaintiffs.

## STATEMENT OF FACTS

As alleged in the Complaint, Activision Blizzard develops and distributes content and services on video game consoles, personal computers (PC), and mobile devices. The Company is headquartered in Santa Monica, California, and its common stock trades on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "ATVI".

On April 29, 2010, the Company announced its entry, through its wholly owned subsidiary Activision Publishing, Inc. ("Activision Publishing"), into an agreement with Bungie, the developer of blockbuster game franchises including *Halo*, *Myth* and *Marathon*. The agreement with Bungie gave Activision Blizzard exclusive rights to publish and distribute video games developed by Bungie for the next ten years.

The partnership between Activision Blizzard and Bungie yielded the commercially successful *Destiny* franchise, a series of science fiction-themed video games. In September 2014, Activision Blizzard released *Destiny*, the first installment in the franchise, developed by Bungie. Activision Blizzard announced that the Company sold $500 million of *Destiny* into retail stores and first parties worldwide on the first day of its release, making the game the largest video game franchise launch in history at that time. Over the following two years, Bungie developed and Activision Blizzard released four expansions for *Destiny*. In September 2017, Activision Blizzard released a full sequel, *Destiny 2*. On September 15, 2017, Activision Blizzard announced that *Destiny 2* had "surpassed the original's records for engagement and digital sales in launch week. To date, Bungie has developed and Activision Blizzard has released three expansions for *Destiny 2*.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the termination of Activision Blizzard and Bungie's partnership, giving Bungie full publishing rights and responsibilities for the *Destiny* franchise, was imminent; (ii) the termination of the two companies' relationship would foreseeably have a significant negative impact on Activision Blizzard's revenues; and (iii) as a result, Activision Blizzard's public statements were materially false and misleading at all relevant times.

On January 10, 2019, Activision Blizzard and Bungie announced the end of their business relationship. In a post on its website entitled "Our Destiny", Bungie stated, in relevant part, that "The planned transition process is already underway in its early stages, with Bungie and Activision both committed to making sure the handoff is as seamless as possible." That same day, in an SEC filing, Activision Blizzard stated that Bungie "would assume full publishing rights and responsibilities for the Destiny franchise. Going forward, Bungie will own and develop the franchise."

Following these announcements, the Company's stock price fell $4.81 per share, or 9.37%, to close at $46.54 on January 11, 2019. 9.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movants and other Class members have suffered significant losses and damages.

## ARGUMENT

**I.     GOH AND ASG JAPAN SHOULD BE APPOINTED LEAD PLAINTIFFS**

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227-228 (N.D. Ill. 2002).

As set forth below, Goh and ASG Japan satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs.

### A.  Goh and ASG Japan Are Willing to Serve as Class Representatives

On January 18, 2019, counsel for plaintiff in a related securities fraud class action filed against Activision Blizzard in the United States District Court for the Central District of California

caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Activision Blizzard securities that they had until March 19, 2019, to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Motion for Appointment as Lead Plaintiffs and Approval of Lead Counsel ("Lieberman Decl."), Ex. A.

Goh and ASG Japan have filed the instant motion pursuant to the Notice and have attached Certifications attesting that they are willing to serve as class representative for the Class and provide testimony at depositions and trial, if necessary. *See* Lieberman Decl., Ex. B.

### B. Goh and ASG Japan Have The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at *5 (N.D. Ill. Mar. 15, 2005) (holding that institutional investor claiming greatest losses therefore had the largest financial interest).

As of the time of the filing of this motion, Goh and ASG Japan believe that they have the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case from this district *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1]

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "*Lax-Olsten factors*").

5

During the Class Period, Goh and ASG Japan : (1) purchased 17,460 shares of Activision Blizzard stock; (2) expended $1,211,940 on purchases of Activision Blizzard stock; (3) retained 12,206 of their shares of Activision Blizzard stock; and (4) incurred losses of $396,549 in connection with their transactions in Activision Blizzard stock. *See* Lieberman Decl., Ex. C. *See also In re Olsten*, 3 F. Supp.2d at 296; *Lax*, 1997 U.S. Dist. LEXIS 11866, at *7-*8. *Accord Mayo v. Apropos Tech., Inc.,* 2002 U.S. Dist. LEXIS 1924, at *10 (N.D. Ill. Feb. 6, 2002). Because Goh and ASG Japan possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

    **C.**     **Goh and ASG Japan Otherwise Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is (2) impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998)

6

(citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). *See Takara Trust v. Molex Inc.*, 229 F.R.D. at 580; *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296; *In re Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. July 16, 2003); *Johnson*, 214 F.R.D. 225, at 228 (noting that when selecting the lead plaintiff, "typicality and adequacy of representation are the only relevant considerations.").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). *See Takara Trust*, 229 F.R.D. at 580, *quoting De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Danis*, 189 F.R.D. at 395. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

### 1. Goh and ASG Japan's Claims are Typical of the Class

Goh and ASG Japan's claims are typical of those of the Class. They allege, as do all class members, that defendants violated the Exchange and Securities Acts by making what they knew or should have known were false or misleading statements of material facts concerning Activision Blizzard, or omitted to state material facts necessary to make the statements they did make not misleading. Goh and ASG Japan, as did all members of the Class, purchased Activision Blizzard securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions.

These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Johnson*, 214 F.R.D. at 228-229 (highlighting that the adequacy requirement will be met where a movant demonstrates that "(1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who be able to prosecute the litigation vigorously."

Goh and ASG Japan have submitted certifications declaring their commitment to protecting the interests of the class. Further, there is no evidence of antagonism or conflict between Goh and ASG Japan and the class. Goh and ASG Japan's significant loss demonstrates that they have a sufficient interest in the outcome of the case. Additionally, as explained below, Goh and ASG Japan's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Therefore, Goh and ASG Japan meet the adequacy requirement of Rule 23.

### 2. Goh and ASG Japan Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Goh and ASG Japan as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

8

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Goh and ASG Japan's ability and desire to fairly and adequately represent the Class have been discussed above. Goh and ASG Japan are not aware of any unique defenses defendants could raise that would render them inadequate to represent the Class. Accordingly, Goh and ASG Japan should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Goh and ASG Japan have selected Pomerantz as Lead Counsel. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Goh and ASG Japan's counsel have the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Goh and ASG Japan's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Goh and ASG Japan respectfully request that the Court issue an Order: (1) appointing Goh and ASG Japan as Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel.

Dated: March 19, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*


THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
1880 Century Park East
Los Angeles, CA 90067
(424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movants*