UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE HAMANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-01741<br><br>CLASS ACTION<br><br>Judge Jorge L. Alonso |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

1543380_1

## I.    INTRODUCTION

This securities class action lawsuit was brought on March 12, 2019 on behalf of investors who purchased or otherwise acquired Activision Blizzard, Inc. ("Activision" or the "Company") securities between August 2, 2018 and January 10, 2019, inclusive (the "Class Period").[1]

The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

U.A. Local No. 393 Defined Benefit Pension Plan and Defined Contribution Plans ("Local No. 393") respectfully submit they are the presumptively most adequate plaintiff in this case because they have filed a timely "motion in response to a notice," believe they have the "largest financial interest in the relief sought by the class," and "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Local No. 393's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the purported class is reasonable and should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

The complaint alleges that Activision develops and distributes content and services on video game consoles, personal computers (PC), and mobile devices. On April 29, 2010, the Company announced its entry, through its wholly-owned subsidiary Activision Publishing, Inc., into an agreement with Bungie, Inc. ("Bungie"), the developer of blockbuster game franchises including

---

[1]    Two related identical class actions were also filed in the United States District Courts for the Southern District of New York and the Central District of California: (1) *Labade v. Activision Blizzard, Inc.*, No. 2:19-cv-00423 (C.D. Cal.) (filed 01/18/19); and (2) *Winckler v. Activision Blizzard, Inc.*, No. 1:19-cv-02095 (S.D.N.Y.) (filed 03/06/19). Local No. 393 is also filing motions for appointment as lead plaintiff in these cases.

1543380_1

Halo, Myth, and Marathon. The agreement with Bungie gave Activision exclusive rights to publish and distribute video games developed by Bungie for the next ten years.

The partnership between Activision and Bungie yielded the commercially successful Destiny franchise, a series of science fiction-themed video games. In September 2014, Activision released Destiny, the first installment in the franchise, developed by Bungie. Activision announced that the Company sold $500 million of Destiny units into retail stores and first parties worldwide on the first day of its release, making the game the largest video game franchise launch in history at that time. Over the following two years, Bungie developed and Activision released four expansions for Destiny. In September 2017, Activision released a full sequel, Destiny 2. On September 15, 2017, Activision announced that Destiny 2 had "surpassed the original's records for engagement and digital sales in launch week." ECF No. 1 at ¶24. To date, Bungie has developed and Activision has released three expansions for Destiny 2.

The complaint alleges that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the termination of Activision and Bungie's partnership, giving Bungie full publishing rights and responsibilities for the Destiny franchise, was imminent; (ii) the termination of the two companies' relationship would foreseeably have a significant negative impact on Activision's revenues; and (iii) as a result, Activision's public statements were materially false and misleading at all relevant times.

On January 10, 2019, Activision and Bungie announced the end of their business relationship. That same day, in a Securities and Exchange Commission filing, Activision stated that Bungie "would assume full publishing rights and responsibilities for the Destiny franchise. Going forward, Bungie will own and develop the franchise." ECF No. 1 at ¶7.

Following these announcements, the Company's stock price fell $4.81 per share, or 9.37%, to close at $46.54 on January 11, 2019.

- 2 -

## III. ARGUMENT

### A. Local No. 393 Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on January 18, 2019 via *Globe Newswire*. *See* Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Local No. 393 meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1. The Motion Is Timely

The January 18th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period and the right to move the Court to be appointed as lead plaintiff within 60 days, or by March 19, 2019. *See* Motion, Ex. A; 15

- 3 -

1543380_1

U.S.C. §78u-4(a)(3)(A). Because Local No. 393's Motion was timely filed by the statutory deadline, Local No. 393 is eligible for appointment as lead plaintiff.

### 2. Local No. 393 Has the Largest Financial Interest in the Relief Sought by the Class

Local No. 393 purchased 95,700 shares and lost approximately $1,345,867 under the first-in, first-out (FIFO) accounting method and $1,234,712 under the last-in, first-out (LIFO) accounting method during the Class Period as a result of defendants' alleged misconduct. *See* Motion, Exs. B, C. To the best of its counsel's knowledge, there are no other named plaintiffs with a larger financial interest. Therefore, Local No. 393 satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Local No. 393 Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "Only two of the Rule 23 requirements pertain" to the lead plaintiff motion: "typicality and adequacy." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). "A lead plaintiff's claims can be considered typical if they arise out of the 'same event or practice or course of conduct that gives rise to the claims of other class members and . . . [its] claims are based on the same legal theory.'" *Id.* (citation omitted). The adequacy "requirement is met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class." *Id.*

Local No. 393 satisfies both requirements. Indeed, its "claims are typical of – if not identical to – the claims of the class as a whole." *Id.* Like the purported class members, Local No. 393 claims

- 4 -

to have "sustained losses from [defendants'] misrepresentations and inflations of stock value, and these claims arise under the same theory that [defendants'] course of conduct violated federal securities laws." *Id.* Local No. 393, made up of two related sophisticated institutional investors with prior experience serving as lead plaintiff, is aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake these responsibilities on behalf of the class. In addition, Local No. 393 has suffered significant losses on its investment in Activision securities during the Class Period and is therefore motivated to diligently pursue the putative class's claims. *See* Motion, Exs. B-C. Moreover, Local No. 393 has no conflict of interest between its claims and those of the putative class and is not subject to any unique defenses. Finally, Local No. 393 has selected qualified counsel to represent it and the putative class. *See* §III.B., *infra*.

Because Local No. 393 filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that Local No. 393 is the "most adequate plaintiff."

### B.      The Court Should Approve Local No. 393's Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v). In this case, Local No. 393 has selected Robbins Geller as Lead Counsel. *See* Motion, Ex. D.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation, and has recovered tens of billions of dollars on behalf of injured investors in securities class actions like this. *Id.* The Firm's recoveries on behalf of shareholder classes include some of the largest in history, including $7.2 billion recovered in *In re Enron Corp., Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) (the largest securities class action recovery ever) and $1.575 billion recovered in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (the largest securities class action recovery following a trial). *Id.* With

- 5 -

1543380_1

hundreds of highly skilled attorneys and legal professionals, including forensic accountants, economists, damage analysts, investigators, and paralegals, Robbins Geller provides high quality attention and professionalism to each case and client. District courts throughout the country, including this Court, have recognized Robbins Geller's experience in litigating complex securities class actions and appointed Robbins Geller attorneys to lead roles in landmark complex class action securities cases such as this. *See, e.g.*, *Silverman v. Motorola, Inc.*, No. 07 C 4507, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012) (granting final approval of $200 million settlement and noting that the "representation that Class Counsel provided to the class was significant, both in terms of quality and quantity"); Motion, Ex. D.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Local No. 393's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV. CONCLUSION

Local No. 393 has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Local No. 393 respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED: March 19, 2019          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ


        s/ Danielle S. Myers
        DANIELLE S. MYERS

1543380_1

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
frichter@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 7 -

1543380_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 19, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIELLE S. MYERS
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

1543380_1

## Mailing Information for a Case 1:19-cv-01741 Hamano v. Activision Blizzard, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **H. Nicholas Berberian**
  nberberian@nge.com,ecfdocket@nge.com

- **Collette Alison Brown**
  cbrown@ngelaw.com,lgrace@ngelaw.com,ecfdocket@ngelaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Andrew Gordon May**
  amay@nge.com,ecfdocket@nge.com,cdennis@nge.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)